FREDERICK B. KENT *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

APRIL 30, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to the zoning board of review of the town of Barrington to certify to this court their records and all things pertaining thereto relating to the application of Frederick B. Kent for an exception or variation under the zoning ordinances of that town. The writ issued and pursuant thereto such records have been duly certified to this court.

It appears therefrom that after a hearing at which petitioner was represented by counsel and remonstrances were received against petitioner's application, the zoning board of review, hereinafter referred to as the board, formally denied such application "because of (1) milk and cream used in the manufacture of ice cream are not products of this farm, (2) manufacturing on a commercial scale or business not permitted in Residential 'B' Zone, (3) strenuous objections of residents of the Town."

Petitioner contends that such decision is frivolous, unjust and arbitrary and that it shows an abuse of discretion. He further argues that the reasons which the board gave for their decision show that they did not exercise their discretion on the merits of his application for a variance but arbitrarily denied it merely because some residents of the town objected.

The record shows that petitioner's land is a farm in a residence B zone. He has erected a building thereon about 50 feet back from the abutting line of the highway and desires to use said building to make ice cream to be sold on the premises. Such ice cream is to be made from milk

and cream and other ingredients not produced on his farm. It is admitted that such use is not permitted in a residence B zone; hence the petitioner applied for a variance. Such application was based on the grounds that it would be an unnecessary hardship to deny him the right to make such use of his premises and that such variance would not adversely affect the public health, safety and morals of the inhabitants of the town of Barrington.

Section 14 of the zoning ordinance provides: "When in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Review may in a specific case. * * * Vary any requirement of this ordinance in harmony with its general purposes and intent, so that substantial justice may be done." Such authority to make exceptions or variations is expressly conferred by the enabling act, general laws 1938, chapter 342, §8, which provides that zoning boards of review shall have the power: "b. To hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinance. c. To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

By virtue of statute and ordinance the board are thus vested with the discretion to grant or deny such applications, subject only to review by this court for abuse of discretion. An application for a variance in a specific case presupposes that the applicant, under the literal requirements of the ordinance, has no right to use his land in the manner he desires, and thus invokes the authority of the board to permit that use. It is, therefore, not a sufficient reason for the board to deny such an application merely

because the ordinance expressly prohibits such use. However, that is what the board have done in this instance as is apparent from reasons (1) and (2) of their decision. For the board to rest their decision on such reasons is to fail to exercise the authority granted them to decide whether or not the petitioner is entitled to a variance in the application of the terms of the ordinance in the circumstances of his specific case.

It is also not a proper exercise of such authority to base their decision merely on "strenuous objections of residents of the Town" as it does in reason (3). Such remonstrances may be heard and taken into consideration but they may not be permitted to control the board's decision. *Heffernan* v. *Zoning Board,* 50 R. I. 26. A poll of the neighborhood to weigh the conflicting wishes of the residents or landowners in the vicinity is not the purpose of the hearing. *Jacques* v. *Zoning Board,* 64 R. I. 284; *Sundlun* v. *Zoning Board,* 50 R. I. 108. The board should exercise their independent judgment in the premises and base their determination upon facts which they find to be established or which are otherwise brought upon the record.

Upon consideration, it thus appears to us that the zoning board have not passed upon the merits of petitioner's application for a variance based upon the evidence before them. They should decide whether the applicant has shown that the variance from the terms of the ordinance which he requests will not be contrary to the public interest, and that a literal enforcement of such terms will result in unnecessary hardship to him. The ultimate purpose of the hearing on an application for a variance, according to the enabling act, is to preserve the spirit of the ordinance and do substantial justice to the applicant. If the board is guided by the above-mentioned standards their judgment will not be disturbed except for abuse of discretion.

Because we feel that the board have not been thus guided and hence have misconceived their duty and because we believe that the case should be remanded to them

for reconsideration in accordance with such standards, we have refrained from discussing the facts at greater length and from saying anything that would indicate a view on our part which might influence them in the decision which they must make upon a reconsideration of the case.

The petition is granted, the record of the decision denying petitioner's application for a variance is quashed, and the papers certified are sent back with instructions to the board to reconsider such application in accordance with this opinion, reserving to the board the right to hear further evidence if they so desire.

*Kenneth M. Beaver,* for petitioner.

*Lester S. Walling,* Town Solicitor, for respondent.