Michael McHUGH

v.

Thomas HARRINGTON, in his capacity as Director of the Rhode Island Department of Transportation.

No. 94-419-M.P.

Supreme Court of Rhode Island.

March 23, 1995.

William Bernstein.

J. Ryder Kenney.

ORDER

This petition for certiorari came before the court for oral argument March 16, 1995 pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this petition should not be summarily decided. At oral argument counsel for the petitioner appeared but no attorney appeared on behalf of the respondent.

This petition arose out of a request for an attorney's fee filed by petitioner's counsel. Counsel had represented the petitioner in attempting to terminate a suspension of license that had been allegedly unduly delayed. The suspension of license arose out of a conviction for driving under the influence of alcohol in June 1991.

The petitioner stopped driving three months after entry of his nolo plea. He attempted to return his license to the Registry, but such attempts were refused. On or about April 9, 1993, after petitioner had completed his community service and the Registry's alcohol treatment program, he was informed that he could not register his automobile and that the three-month suspension hitherto imposed would go into effect. Counsel for petitioner challenged the Registry's action in the Administrative Adjudication Court, citing our opinion in *Taft v. Pare,* 536 A.2d 888 (R.I.1988), which disapproved of a 20-month lapse between a court disposition and the Registry's issuance of a suspension order. This challenge was rejected by a judge of the Administrative Adjudication Court.

Thereafter petitioner appealed to the Appellate Division of that court on July 28, 1993. After argument, the panel did not decide petitioner's appeal. In June 1994, after exercising a number of attempts to seek a decision on appeal, petitioner's counsel was informed that petitioner's license had been reinstated in March 1994. He was further informed that a second appeal panel had been convened and heard argument from the Department of Transportation although petitioner was not notified thereof. The second appeal panel dismissed petitioner's appeal as moot without deciding a request for counsel fee that had been submitted under the Equal Access to Justice Act G.L.1956 (1993 Reenactment) § 42-92-1 et seq. Petitioner's counsel argued before us that he was entitled to this counsel fee. With this contention we agree.

It should be noted that the Department of Transportation did not respond to the petition for certiorari, nor did it file any memorandum of law pursuant to the show cause order.

Consequently, the petition for certiorari is granted, the request for counsel fee is also granted as filed in the amount of $3,468.75 plus costs and expenses in the amount of $340. The decision of the Administrative Adjudication Court dismissing the appeal as moot is hereby quashed. The papers in the case may be remanded to the Administrative Adjudication Court with our decision endorsed thereon for further proceedings consistent with this order.