**Supreme Court**

No. 2014-188-Appeal.
No. 2014-189-Appeal.
(NC 10-667)

Henry Tarbox et al.                   :

v.                   :

Zoning Board of Review of the         :
    Town of Jamestown.

NOTICE:    This  opinion  is  subject  to  formal  revision  before
publication in the Rhode Island Reporter.  Readers are requested to
notify  the  Opinion  Analyst,  Supreme  Court  of  Rhode  Island,
250 Benefit Street, Providence, Rhode Island 02903, at Telephone
222-3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Supreme Court

No. 2014-188-Appeal.
No. 2014-189-Appeal.
(NC 10-667)

Henry Tarbox et al.                              :

v.                                               :

Zoning Board of Review of the          :
    Town of Jamestown.

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 28, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this consolidated appeal should not be summarily decided.  The plaintiffs, Henry and Mary Tarbox (plaintiffs), have appealed from a Superior Court decision that denied their request for reasonable litigation expenses pursuant to the Equal Access to Justice for Small Businesses and Individuals Act (act), see G.L. 1956 chapter 92 of title 42, which was made after the plaintiffs prevailed in their appeal from the denial of a dimensional variance by the defendant, the Zoning Board of Review of the Town of Jamestown (board).  The plaintiffs contend that the trial justice misinterpreted the act.  Having carefully reviewed the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown, and we proceed to decide the appeal at this time.  For the reasons set forth below, we quash the judgment and remand this case to the Superior Court.[1]

---

[1] As we explain below, we elect to treat plaintiffs' appeal as the equivalent of a petition for a writ of certiorari.

**Facts and Travel**

The plaintiffs own a single-family home in Jamestown, Rhode Island. In September 2010, plaintiffs desired to construct an addition to their home so that Henry Tarbox's mother could live in a small apartment connected to the dwelling; the planned construction would convert the Tarbox home from a single-family home into a duplex—a permitted use in the zoning district. However, the lot size of plaintiffs' parcel was less than that required by the town's zoning ordinance (ordinance) for a duplex in the zoning district, causing plaintiffs to seek dimensional relief from the board. The board held a hearing on the variance application, at which plaintiffs were represented by counsel. Henry Tarbox testified in support of the application, and he and his attorney were peppered with questions from board members.[2] Although no objectors appeared to oppose plaintiffs' variance application and no evidence was taken in opposition, the board members were divided, with three voting in favor of the application and two voting against it. Even though a majority of the board voted in favor of the application, the application was denied because it failed to garner the requisite number of votes, as mandated by the state's Zoning Enabling Act. See G.L. 1956 § 45-24-57(2)(iii) (requiring that a zoning ordinance must provide that "[t]he concurring vote of four (4) of the five (5) members of the zoning board of review sitting at a hearing is required to decide in favor of an applicant on any matter within the discretion of the board upon which it is required to pass under the ordinance, including variances and special-use permits").

---

[2] The proceeding was transcribed.

The plaintiffs appealed the board's decision to the Superior Court[3] in accordance with § 45-24-69, and, in a written decision, a justice of the Superior Court reversed the decision and granted plaintiffs' variance application. Emboldened by this victory, plaintiffs filed a motion for an award of reasonable litigation expenses under the act; the board opposed the motion.[4] A second Superior Court justice[5] denied plaintiffs' motion, reasoning that the board was not an "agency" within the purview of the act and that the hearing before the board was not an "adjudicatory proceeding" as that term is defined in the act. Shortly thereafter, the trial justice entered final judgment vacating the board's decision, granting plaintiffs' variance application, and denying plaintiffs' motion for reasonable litigation expenses. The plaintiffs filed a notice of appeal from the entry of final judgment.

## Analysis

### Procedural Hurdle: Appeal or Certiorari

On appeal, plaintiffs argue that the trial justice misinterpreted the act in concluding that the board is not an "agency" and that the hearing on plaintiffs' variance application was not an "adjudicatory proceeding" under the act. Before tackling the merits of this argument, however, we must first address whether plaintiffs, by filing a notice of appeal rather than a petition for a writ of certiorari, proceeded under the proper procedural vehicle for obtaining this Court's review of the denial of their motion for reasonable litigation expenses under the act. This

---

[3] Pursuant to Rule 80(a) of the Superior Court Rules of Civil Procedure, plaintiffs filed a complaint to initiate this agency appeal.

[4] The plaintiffs later successfully moved to amend their complaint to reflect their motion for reasonable litigation expenses.

[5] We shall refer to this justice as "the trial justice."

requires us to carefully examine the provisions of the act in light of the parties' contentions, an exercise that is multifaceted based on the pertinent provisions of the act.

The board claims that plaintiffs were required to petition this Court for a writ of certiorari. To support this argument, the board points to language from the act that declares that the act is intended to supplement the provisions of the Administrative Procedures Act (APA), G.L. 1956 chapter 35 of title 42, and that, in the event of any conflict between the APA and the act, the provisions of the APA control. See § 42-92-7.[6] According to the board, because the act does not explicitly provide for the method of seeking this Court's review of a decision under the act, and because the APA provides for review in this Court by certiorari, that provision of the APA controls. See § 42-35-16.[7] However, the APA does not encompass zoning appeals; by its terms, § 42-35-16 of the APA applies only to "proceedings brought under § 42-35-15." See Fox v. Norberg, 110 R.I. 418, 422, 293 A.2d 520, 523 (1972). Because this case was brought under § 45-24-69 of the state's Zoning Enabling Act, the provisions of the APA do not apply. See Caran v. Freda, 108 R.I. 748, 751, 279 A.2d 405, 407 (1971) ("[T]he [APA] * * * relates only to state agencies and not municipal zoning boards * * *."); Robert B. Kent et al., Rhode Island Civil Procedure § 80:1 at 639 (West 2015) ("The [APA] does not apply to review of administrative action by municipal agencies. An aggrieved party pursuant to * * * § 45-24-69

---

[6] General Laws 1956 § 42-92-7 provides that "[t]his chapter is intended to supplement the provisions of chapter 35 of this title. In the event of any conflict between the provisions of this chapter and those of chapter 35 of this title, the provisions of chapter 35 of this title shall control."

[7] General Laws 1956 § 42-35-16 provides, in pertinent part, that:

> "Any party in interest, if aggrieved by a final judgment of the superior, family, or district court rendered in proceedings brought under § 42-35-15, may, within twenty (20) days from the date of entry of the judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

may appeal a decision of a Zoning Board of Review to the Superior Court sitting in the county in which the city or town is situated. Where municipal agency action is by statute reviewable in the Superior Court, again the [APA] does not apply."). This observation, however, does not end our analysis.

Although we reject the board's primary argument that the APA controls appellate review in this case, we nonetheless agree, for the reasons explained below, that plaintiffs were required to seek review by petition for a writ of certiorari. Nonetheless, because we have not heretofore addressed this precise procedural issue in a case such as this, we shall treat this appeal as the equivalent of a petition for a writ of certiorari.

Because this case began in Superior Court as an appeal from the decision of a zoning board in accordance with § 45-24-69, it was only after plaintiffs prevailed in their zoning appeal in Superior Court that a motion for an award of reasonable litigation expenses under the act could be brought and decided. After the motion was denied, the final judgment entered, from which an appeal to this Court was taken. The final judgment encompassed both the decision on the merits of the zoning appeal and the denial of plaintiffs' motion for reasonable litigation expenses. Under these circumstances, we are of the opinion that the case before us involves review of "a judgment of the Superior Court on appeal from a decision of a zoning board." Lupo v. Community Works Rhode Island, Inc., 57 A.3d 667, 667 (R.I. 2012) (mem.) (quoting Northern Trust Co. v. Zoning Board of Review of Westerly, 899 A.2d 517, 519 (R.I. 2006) (mem.)). It is well settled that the proper procedure for obtaining review of such a judgment is to petition this Court for a writ of certiorari. See id.; Bassi v. Zoning Board of Review of Providence, 107 R.I. 702, 706, 271 A.2d 210, 213 (1970).

The plaintiffs dispute this conclusion and point to provisions of the act that they suggest support their contention that an appeal is proper. They first emphasize that their appeal to this Court is not from the decision of the Superior Court reversing the board's denial of their variance application but is from only the denial of their motion for reasonable litigation expenses. The plaintiffs also claim that the act contains a provision that explicitly authorizes an appeal to this Court from a Superior Court ruling on a request for reasonable litigation expenses. Finally, plaintiffs note that this Court recently entertained an appeal from the denial of relief under the act in Campbell v. Tiverton Zoning Board, 15 A.3d 1015 (R.I. 2011).[8]

With respect to the act, plaintiffs argue that an appeal to this Court is authorized by § 42-92-5 of the act, which provides, in pertinent part, that "[a]ny party dissatisfied with the fee determination by the adjudicatory officer may appeal to the court having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication."[9] (Emphasis added.) Clearly, § 42-92-5 references an appeal from a determination by the "adjudicatory officer," and not a justice of the Superior Court. In an effort to show that the adjudicatory officer and the trial justice are one and the same in this case, plaintiffs propose a creative interpretation. First, plaintiffs point out that § 42-92-3(a) sets forth the circumstances under which an "adjudicative

---

[8] We reject plaintiffs' reliance on Campbell v. Tiverton Zoning Board, 15 A.3d 1015 (R.I. 2011), out of hand. That case involved a declaratory-judgment action initiated in Superior Court, id. at 1017, the final judgment in which was reviewable on appeal. See G.L. 1956 § 9-30-7; Gomes v. Wall, 831 A.2d 817, 820 (R.I. 2003).

[9] In its entirety, § 42-92-5 provides that:

"Any party dissatisfied with the fee determination by the adjudicatory officer may appeal to the court having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication. If the court grants the petition, it may modify the fee determination if it finds that the failure to make an award, or the calculation of the amount of the award, was not substantially justified based upon a de novo review of the record."

officer" can award reasonable litigation expenses to a party who prevails in an adjudicatory proceeding.[10] The plaintiffs also note that, under § 42-92-3(b), "[i]f a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter." Even though the act provides a definition of the term "adjudicative officer," see § 42-92-2(1),[11] plaintiffs argue that, when the two subsections of § 42-92-3 are read together, the clear import of the act is that, when a justice of the Superior Court rules on a request for reasonable litigation expenses under § 42-92-3(b), "the Superior Court [justice] steps into the shoes, or takes the place of, the 'adjudicative officer' in awarding litigation expenses."

We reject such a complex construction of the act because a more sensible understanding of §§ 42-92-3 and 42-92-5 emerges from the plain text of the act. Cf. State v. Hazard, 68 A.3d 479, 485 (R.I. 2013) ("[W]hen the language of a statute is clear and unambiguous, this Court

---

[10] Section 42-92-3 provides that:

> "(a) Whenever the agency conducts an adjudicatory proceeding subject to this chapter, the adjudicative officer shall award to a prevailing party reasonable litigation expenses incurred by the party in connection with that proceeding. The adjudicative officer will not award fees or expenses if he or she finds that the agency was substantially justified in actions leading to the proceedings and in the proceeding itself. The adjudicative officer may, at his or her discretion, deny fees or expenses if special circumstances make an award unjust. The award shall be made at the conclusion of any adjudicatory proceeding, including, but not limited to, conclusions by a decision, an informal disposition, or termination of the proceeding by the agency. The decision of the adjudicatory officer under this chapter shall be made a part of the record and shall include written findings and conclusions. No other agency official may review the award.

> "(b) If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses shall be made by that court in accordance with the provisions of this chapter."

[11] Section 42-92-2(1) provides that "'[a]djudicative officer' means the deciding official, without regard to whether the official is designated as an administrative law judge, a hearing officer or examiner, or otherwise, who presided at the adversary adjudication."

- 7 -

must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." (quoting Alessi v. Bowen Court Condominium, 44 A.3d 736, 740 (R.I. 2012))). It is clear that §§ 42-92-3(b) and 42-92-5 of the act set forth separate and independent avenues for judicial review of agency decisions where reasonable litigation expenses are at stake. On the one hand, § 42-92-3(b) authorizes a court "review[ing] the underlying decision of the adversary adjudication" to award reasonable litigation expenses under the act. This route is available in cases where, as here, the litigant was unsuccessful before the agency and immediately obtained judicial review of the agency decision, was successful, and then sought reasonable litigation expenses under the act. See, e.g., Taft v. Pare, 536 A.2d 888, 889 (R.I. 1988) (after denial of hearing at agency level regarding license-suspension notice, litigant successfully appealed to District Court and then requested reasonable litigation expenses under the act); see also Krikorian v. Rhode Island Department of Human Services, 606 A.2d 671, 672-73 (R.I. 1992) (after denials of benefits were unsuccessfully challenged at agency level, litigants appealed to Superior Court under the APA and, after prevailing in Superior Court, sought reasonable litigation expenses under the act). In these circumstances, because of the denial of relief at the agency level, the request for reasonable litigation expenses under the act generally is made for the first time to the court authorized to review the underlying agency decision.[12]

On the other hand, § 42-92-5 provides that "[a]ny party dissatisfied with the fee determination by the adjudicatory officer may appeal to the court having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication." This avenue for judicial review would be available to one who prevails at the agency level in cases where the

---

[12] We note that judicial review of a zoning board's denial of a variance application without the requirement of further agency review before an appeal to the Superior Court is not unique in administrative law in Rhode Island. See, e.g., Ratcliffe v. Coastal Resources Management Council, 584 A.2d 1107 (R.I. 1991) (judicial review of decision of CRMC).

agency provides for internal review of the initial agency decision—such that judicial review of the underlying agency decision may be unnecessary—but who nonetheless is "dissatisfied with the fee determination by the adjudicatory officer." Section 42-92-5. In these circumstances, the request for reasonable litigation expenses under the act has already been made to an adjudicative officer who passes on the underlying agency decision. In this situation, the agency has an administrative hearing officer or an internal-review procedure in place. See, e.g., Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 365-66 (R.I. 1989) (after taxpayer's challenge to tax assessment was somewhat successful at agency level but hearing officer denied taxpayer's request for reasonable litigation expenses, taxpayer appealed fee determination to District Court).

The plaintiffs' argument that § 42-92-5 authorizes an appeal to this Court when a trial justice rules, under § 42-92-3(b), on a request for reasonable litigation expenses under the act because the trial justice "steps into the shoes, or takes the place of, the 'adjudicative officer' in awarding litigation expenses" fails to appreciate the dichotomy envisioned by the act. Because this case falls under § 42-92-3(b), the provisions of § 42-92-5 are inapplicable.

Additionally, a trial justice acting under § 42-92-3(b) is not an adjudicatory officer for purposes of § 42-92-5 because the act's definition of adjudicative officer—"the deciding official, without regard to whether the official is designated as an administrative law judge, a hearing officer or examiner, or otherwise, who presided at the adversary adjudication," § 42-92-2(1)—does not include a trial justice reviewing the underlying agency decision. A trial justice does not "preside[] at the adversary adjudication," id., because the adversary adjudication occurs at the agency level. Cf. Campbell, 15 A.3d at 1025 (explaining, in the course of holding that a declaratory-judgment action in Superior Court cannot qualify as an "adjudicatory proceeding" under the act, that "[t]he act clearly provides that the contemplated 'adjudicatory proceeding' is

one that occurs at the agency level either administratively or quasi-judicially, not an adjudicatory proceeding in Superior Court"). Moreover, an appeal to this Court from a trial justice's decision under § 42-92-3(b) is plainly not authorized by § 42-92-5 because, in such a scenario, this Court is not "the court having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication," § 42-92-5; rather, in that circumstance, the Superior Court would be the court with jurisdiction to review the agency decision, see § 42-92-3(b), and that review is statutorily prescribed, see, e.g., § 42-35-15 (providing for Superior Court judicial review of decisions of agencies within the APA); § 45-24-69 (providing for Superior Court judicial review of decisions of municipal zoning boards).

The plaintiffs' argument that an appeal is proper because they are not appealing the Superior Court's reversal of the board's decision, but only the denial of the motion for reasonable litigation expenses under the act, similarly is meritless because any appeal from the grant or denial of a request for reasonable litigation expenses is necessarily intertwined with the agency decision. The act explicitly tethers an award of reasonable litigation expenses to success in challenging the agency's position, either at the agency level or before a reviewing court. See § 42-92-3(a) (authorizing an award of reasonable litigation expenses to a prevailing party in agency adjudicatory proceedings where the agency was not "substantially justified in actions leading to the proceedings and in the proceeding itself"). Likewise, the reference to courts set forth in §§ 42-92-3(b) and 42-92-5 speak to judicial review of the underlying agency decision (§ 42-92-3(b)) or the fee determination of the adjudicative officer (§ 42-92-5). There is no indication that the act creates a cause of action independent of the proceedings before the agency and the judicial review thereof. Cf. Thomas v. Paulson, 507 F. Supp. 2d 59, 62 n.2 (D.D.C. 2007) ("[T]he [Federal Equal Access to Justice Act] does not provide an independent

- 10 -

cause of action for litigants in federal court; instead, it simply 'authorizes the payment of fees to [a] prevailing party in an action against the United States.'" (quoting Scarborough v. Principi, 541 U.S. 401, 405 (2004))).[13] Our decision in Campbell, 15 A.3d at 1025, supports the conclusion that a request for reasonable litigation expenses cannot be divorced from the underlying agency action. In that case, in the course of affirming a trial justice's denial of a motion for relief under the act in a declaratory-judgment action, we explained that, "[a]lthough the act provides that a court reviewing the 'underlying decision of the adversary adjudication' may make 'an award for fees and other expenses,' here, the Superior Court was not reviewing such a decision and correctly declined to grant the [plaintiffs] relief under the act." Id. (quoting § 42-92-3(b)).

Indeed, this case readily demonstrates why any attempt to separate a request for reasonable litigation expenses under the act from review of the underlying agency decision is wholly artificial. This case was initiated in Superior Court as an appeal from an agency decision when plaintiffs appealed the board's decision pursuant to § 45-24-69. As plaintiffs acknowledged at oral argument, they were not even entitled to seek reasonable litigation expenses under the act until they received a favorable decision from the Superior Court in the appeal from the board's decision. Additionally, the final judgment encompasses both the Superior Court's reversal of the board's decision and the denial of relief under the act. Because plaintiffs' appeal to this Court seeks review of a judgment of the Superior Court on appeal from

---

[13] The act "is modeled on the Federal Equal Access to Justice Act." Krikorian v. Rhode Island Department of Human Services, 606 A.2d 671, 674 (R.I. 1992).

- 11 -

a decision of a zoning board, review can be obtained only by petitioning this Court for a writ of certiorari.[14]

For these reasons, we conclude that a litigant seeking this Court's review of a Superior Court trial justice's ruling on a request for reasonable litigation expenses under the act in a case that is in Superior Court on appeal from the decision of a zoning board under § 45-24-69 must petition this Court for a writ of certiorari. However, because we have never before parsed this statutory scheme with two separate avenues for review of decisions relating to the act, we shall treat plaintiffs' notice of appeal as the equivalent of a petition for a writ of certiorari and turn to the merits of the case. See, e.g., Kirby v. Planning Board of Middletown, 634 A.2d 285, 289 (R.I. 1993); Schiavulli v. School Committee of North Providence, 114 R.I. 443, 445-46, 334 A.2d 416, 417 (1975); Simmons v. Town Council of Coventry, 112 R.I. 522, 525, 312 A.2d 725, 727 (1973). In all future cases of this ilk—where a party appeals a decision of a zoning board to Superior Court under § 45-24-69 and, after succeeding on the merits in that appeal, seeks

---

[14] The inability to separate the zoning aspects of a zoning appeal in Superior Court from a request for reasonable litigation expenses under the act distinguishes this case from Northern Trust Co. v. Zoning Board of Review of Westerly, 899 A.2d 517, 518-19 (R.I. 2006) (mem.). In that case, the remonstrants before the zoning board appealed from the board's rejection of their challenge to the construction of a motel in Westerly to Superior Court under G.L. 1956 § 45-24-69. Northern Trust Co., 899 A.2d at 518. The plaintiffs then amended their complaint to add a count for a declaratory judgment on the validity of a subdivision created in Westerly in 1981. Id. at 519. Following the Superior Court's dismissal of their claim as moot, the plaintiffs filed a notice of appeal in this Court. Id. We parsed the plaintiffs' appeal, concluding that "the purported appeal from the zoning aspects of the Superior Court's decision * * * [was] not properly before us" because a petition for a writ of certiorari was required, but that, "[i]n view of the fact that the second amended complaint contained * * * a declaratory[-]judgment count, that aspect of [the] plaintiffs' appeal from the Superior Court's decision * * * would appear to be properly before us." Id. However, "declaratory orders and judgments are reviewable on appeal as are any other judgments." Gomes, 831 A.2d at 820; see also § 9-30-7. In this case, by contrast, we cannot separate the zoning aspects of the zoning appeal to the Superior Court from plaintiffs' request for reasonable litigation expenses under the act that was made as a result of their success in that appeal, and the mere fact that plaintiffs amended their complaint to add allegations reflecting their request for relief under the act does nothing to change this conclusion.

reasonable litigation expenses under § 42-92-3(b)—a petition for a writ of certiorari is a prerequisite for review in this Court.

## The Merits

On the merits, plaintiffs argue that, in denying their request for reasonable litigation expenses, the trial justice misinterpreted the act. Questions of statutory interpretation precipitate de novo review in this Court. Hazard, 68 A.3d at 485.

The act "was propounded to mitigate the burden placed upon individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings." Krikorian, 606 A.2d at 673 (quoting Taft, 536 A.2d at 892). The General Assembly made its intentions abundantly clear in the act's declared purpose:

> "It is declared that both the state and its municipalities and their respective various agencies possess a tremendous power in their ability to affect the individuals and businesses they regulate or otherwise affect directly. The legislature further finds that the abilities of agencies to determine benefits, impose fines, suspend or revoke licenses, or to compel or restrict activities imposes a great, and to a certain extent, unfair, burden upon individuals and small businesses in particular. The legislature further finds that this situation often tempts state agencies to proceed against individuals or small businesses which are least able to contest the agency's actions, and that often results in actions other than those which are in the best interest of the public." Section 42-92-1(a).

The General Assembly has vested state and municipal agencies with immense power, and the potential for abuse of that power is ever present. See, e.g., L.A. Ray Realty v. Town Council of Cumberland, 698 A.2d 202, 205-07, 207, 208, 211, 213 (R.I. 1997) (affirming judgment for the plaintiffs, developers of residential subdivisions, against the town defendants for intentional interference with prospective economic advantage, which stemmed from an unlawful amendment of the subdivision regulations and zoning ordinances, where the amendment resulted in the denial of the plaintiffs' then-pending subdivision applications because "[t]he actions of the mayor and the town solicitor demonstrated an obvious intent to interfere with [the] plaintiffs'

- 13 -

legitimate expectancy of developing their property under the regulations in effect when [the] plaintiffs filed their subdivision applications" and amounted to egregious misconduct and a violation of the plaintiffs' procedural and substantive due process rights); Ratcliffe v. Coastal Resources Management Council, 584 A.2d 1107, 1108-10, 1110 & n.3, 1111 (R.I. 1991) (Supreme Court declared that landowners "ha[d] waited long enough" where fourteen years had elapsed since the CRMC first challenged the landowners' right to build on their land and the landowners' "dream of [building] a retirement retreat * * * bec[a]me mired in a bureaucratic morass"; the Court quashed the conditional assent issued by the CRMC that was impossible for the landowners to satisfy as contrary to the CRMC's enabling legislation, regulations, and the APA; and, "[i]n the furtherance of justice," the Court remanded the matter to the CRMC with directions to allow the landowners to build because "any further delay would be intolerable"). The act is designed to address government abuse and agency decisions made without substantial justification; to that end, the act "encourage[s] individuals and small businesses to contest unjust actions by the state and/or municipal agencies," § 42-92-1(b), by allowing an award of reasonable litigation expenses from state or municipal agencies in appropriate circumstances.

The act provides that a prevailing "[p]arty" (§ 42-92-2(5)) may be awarded "[r]easonable litigation expenses" (§ 42-92-2(6)) where the "[a]gency" (§ 42-92-2(3)) was without "[s]ubstantial justification" (§ 42-92-2(7)) in actions that led to an "[a]djudicatory proceeding[]" (§ 42-92-2(2)) or taken in the proceeding itself. See § 42-92-3. In this case, the trial justice denied relief under the act on the grounds that the board is not an agency and that the hearing on the variance application was not an adjudicatory proceeding under the act. We disagree on both points.

First, we are of the opinion that a municipal zoning board is an agency under the act. We note that, initially, the act applied only to state agencies. See P.L. 1985, ch. 215, § 1. In 1994, the General Assembly "expand[ed] the [act] to include actions against municipalities and municipal agencies or departments." Explanation by the Legislative Council of An Act Relating to the Equal Access to Justice Act for Small Businesses and Individuals, 94-H 8724 (Feb. 16, 1994), subsequently enacted as P.L. 1994, ch. 201; see P.L. 1994, ch. 376, § 1; P.L. 1994, ch. 201, § 1. To that end, the definition of agency was amended to encompass municipal entities. See P.L. 1994, ch. 376, § 1; P.L. 1994, ch. 201, § 1. In its current iteration, the act defines the term "agency" as

> "any state and/or municipal board, commission, council, department, or officer, other than the legislature or the courts, authorized by law [1] to make rules or to determine contested cases, [2] to bring any action at law or in equity, including, but not limited to, injunctive and other relief, or [3] to initiate criminal proceedings. This shall include contract boards of appeal, tax proceedings, and employment security administrative proceedings." Section 42-92-2(3).

Before this Court, the board argues that it is not an agency under the act because plaintiffs' variance application was not a contested case, the board is not authorized to bring civil actions or initiate criminal proceedings, and it has no power to seek review of a decision of the Superior Court in a zoning appeal reversing a decision of the board. These contentions are unavailing. The board's insistence that this hearing was not a contested case overlooks that the act requires only that the entity be "authorized by law * * * to determine contested cases," § 42-92-2(3), not that it do so in a particular case or in every case. Unquestionably, zoning boards are authorized by law to make rules and determine contested cases. See § 45-24-56(a) ("The [zoning] board [of review] shall establish written rules of procedure * * *."); § 45-24-57(1) (setting forth types of cases zoning boards may hear); see, e.g., Hillside Associates v. Stravato, 642 A.2d 664, 669-70 (R.I. 1994) (involving a contested case before a zoning board). Therefore,

- 15 -

a zoning board qualifies as an agency under the act. This is so even though, as the board points out, zoning boards lack some of the other powers enumerated in the act's definition of agency. That definition is phrased in the disjunctive, such that the authorization by law to exercise any one of three enumerated categories of authority—(1) "to make rules or to determine contested cases," (2) "to bring any action at law or in equity, including, but not limited to, injunctive and other relief, <u>or</u>" (3) "to initiate criminal proceedings," § 42-92-2(3) (emphasis added)—suffices.[15]

Second, we conclude that the hearing before the board on plaintiffs' variance application qualified as an adjudicatory proceeding under the act. Section 42-92-2(2) defines, in pertinent part, the term "adjudicatory proceeding" as

> "<u>any</u> <u>proceeding</u> conducted by or on behalf of the state administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, the <u>denial</u>, suspension, or revocation of a license or <u>permit</u>, or which may result in the compulsion or restriction of the activities of a party." (Emphases added.)

In this case, there is no dispute that the hearing on the variance application, unlike the action of the building official in <u>Campbell</u>, which we held did not constitute an adjudicatory proceeding, involved "notice and an opportunity to be heard." <u>Campbell</u>, 15 A.3d at 1025 (quoting Black's Law Dictionary 725 (7th ed. 1999)). The board and plaintiffs were represented by counsel at the hearing, which was transcribed. Both Henry Tarbox and plaintiffs' attorney were questioned by

---

[15] During the hearing in Superior Court on plaintiffs' motion for relief under the act, the trial justice expressed his belief that a zoning board could not be an agency under the act because of uncertainty over who the adjudicative officer of a zoning board would be. In our opinion, concluding that an entity that meets the act's definition of agency nonetheless is not an agency merely because of difficulty in identifying the adjudicative officer of that putative agency is erroneous. Indeed, in cases where, as here, the request for reasonable litigation expenses is not made until after a party obtains favorable judicial review of the underlying agency decision, the adjudicative officer plays no role. <u>See</u> § 42-92-3(b).

board members and notice was given to abutters, who could have, but did not, object. Therefore, the hearing unquestionably was a quasi-judicial proceeding before an agency.

The question still remains whether the proceeding in this case was an adjudicatory proceeding under the act. The plaintiffs contend that the denial of their variance application "result[ed] in the * * * restriction of the activities of a party" under § 42-92-2(2). However, the restriction of plaintiffs' activities—the inability to build a duplex on an undersized parcel—stemmed not from the denial of the variance application but from the ordinance itself, which prohibited the construction of a duplex on a lot the size of plaintiffs' parcel, and which therefore necessitated an application for dimensional relief. Nonetheless, we are of the opinion that the denial of a dimensional variance is akin to "the denial * * * of a license or permit." Section 42-92-2(2). Section 45-24-31(65) defines the term "[v]ariance" as "[p]ermission to depart from the literal requirements of a zoning ordinance." See also § 45-24-31(65)(ii) (defining "[d]imensional [v]ariance" as "[p]ermission to depart from the dimensional requirements of a zoning ordinance"). Similarly, our late colleague, Justice Thomas Paolino, one of the foremost authorities on Rhode Island zoning law, explained that "a variance is a permit to the landowner to use his property in a manner forbidden by the zoning ordinance." Thomas J. Paolino, Zoning: Its Growth & Development in Rhode Island 100 (1970); see id. at 90 ("A permit for a variance is directly related to zoning in that it permits a non-conforming use in special circumstances to prevent hardship."). Like a request for a permit or license, an application for a variance— whether a use variance or a dimensional variance—seeks permission to do something that would otherwise not be permissible. See Kent v. Zoning Board of Review of Barrington, 74 R.I. 89, 91, 58 A.2d 623, 624 (1948) ("An application for a variance in a specific case presupposes that the applicant, under the literal requirements of the ordinance, has no right to use his land in the

manner he desires, and thus invokes the authority of the board to permit that use."); Black's Law Dictionary 1322 (10th ed. 2014) (defining "permit" as "[a] certificate evidencing permission; an official written statement that someone has the right to do something"); see also id. at 1059 (defining "license" as "[a] privilege granted by a state or city upon the payment of a fee, the recipient of the privilege then being authorized to do some act or series of acts that would otherwise be impermissible"). Therefore, we hold that the denial of an application for a variance is, for purposes of the act, analogous to the denial of a license or permit.[16] Accordingly, under the circumstances of this case, the hearing on the variance application qualifies as an adjudicatory proceeding under the act.[17]

For these reasons, we declare both that the board is an agency and that the hearing on the plaintiffs' variance application was an adjudicatory proceeding under the act. However, this holding, standing alone, does not entitle the plaintiffs to an award of reasonable litigation expenses. The trial justice did not address the other prerequisites for relief, including whether the plaintiffs are qualifying parties under the act and whether the board's position was without

---

[16] In reaching this conclusion, we by no means imply an overlap between a variance and a special-use permit, which "are designed to meet two entirely different needs." Roland F. Chase, Rhode Island Zoning Handbook § 149 at 213 (2d ed. 2006).

[17] The board argues that the hearing on plaintiffs' variance application was not an "adversary adjudication"—an undefined term used in a few places in the act but not in the definition of adjudicatory proceeding—because it was not a hearing involving a dispute between opposing parties. We note that other cases under the act in which reasonable litigation expenses were awarded did not involve disputes between opposing parties but involved only a dispute, similar to the one in this case, between the party and the agency that rendered the adverse decision. See, e.g., McHugh v. Harrington, 655 A.2d 690, 690 (R.I. 1995) (mem.); Krikorian, 606 A.2d at 672-73; Newport Yacht Management, Inc. v. Clark, 567 A.2d 364, 365-66 (R.I. 1989); Taft v. Pare, 536 A.2d 888, 889 (R.I. 1988). In any event, we need not decide the proper interpretation of the term "adversary adjudication" because it is not used in the definition of adjudicatory proceeding, and, for the reasons discussed above, we are of the opinion that the variance application hearing in this case meets that definition.

substantial justification.  Although the plaintiffs urge us to decide these issues, we decline to do so.  As we explained in Krikorian, 606 A.2d at 676, "[§] 42-92-3 mandates that decisions pertaining to an award of [attorneys'] fees under the act contain written findings and conclusions."  Because no such written findings and conclusions have been made by the trial justice with respect to the remaining prerequisites for relief, we remand the case so that the Superior Court can address these issues in the first instance.

**Conclusion**

For the reasons articulated above, we quash the judgment and remand this case to the Superior Court for consideration of the plaintiffs' motion for reasonable litigation expenses under the act.

Justice Flaherty did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

TITLE OF CASE:     Henry Tarbox et al. v. Zoning Board of Review of the Town of Jamestown.

CASE NO:     No. 2014-188-Appeal.
No. 2014-189-Appeal.
(NC 10-667)

COURT:     Supreme Court

DATE OPINION FILED:  March 15, 2016

JUSTICES:     Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

WRITTEN BY:     Associate Justice Maureen McKenna Goldberg

SOURCE OF APPEAL:   Newport County Superior Court

JUDGE FROM LOWER COURT:

Associate Justice Bennett R. Gallo

ATTORNEYS ON APPEAL:

For Plaintiffs:   Peter J. Brockmann, Esq.
Frank F. Sallee, Esq.

For Defendant:  Wyatt A. Brochu, Esq.