Frank WEILER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 5851.

United States District Court
M. D. Pennsylvania.

Jan. 6, 1961.

John B. Schaner, Lewistown, Pa., for
plaintiff.

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, District Judge.

This suit involved a claim for a refund
of taxes allegedly unlawfully assessed
and collected in the sum of $5,835.60
with interest at the rate of six per cent.
per annum from May 1951. After trial
before the Court and without a jury, the
Court awarded judgment in favor of
plaintiff and against the defendant in the
sum of $5,835.60 with interest thereon
at the rate of six per cent. per annum
from July 31, 1951.

Defendant has moved to amend the
judgment so as aforesaid awarded by the
sum of $868.14 so that the judgment call
for recovery in the sum of $4,967.46 plus
interest at the rate of six per cent. per
annum from July 31, 1951. Defendant
gives as its reasons in support of its motion that the District Director erroneously refunded interest of $148.28 on September 23, 1953, and erroneously made a
second refund of $719.86 on March 10,
1955, totalling $868.14.

Section 6532(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 6532(b),
(c. 736, 68A Stat. 816) provides as follows:

"(b) Suits by United States for
recovery of erroneous refunds.—
Recovery of an erroneous refund by
suit under section 7405 shall be allowed only if such suit is begun
within 2 years after the making of
such refund, except that such suit
may be brought at any time within
5 years from the making of the refund if it appears that any part of
the refund was induced by fraud or
misrepresentation of a material
fact."[1]

The complaint avers that plaintiff paid
additional tax of $5,835.60 in May 1951.
The answer admits the payment but
avers it was made on July 31, 1951.
The Order of the Court awarded judgment to plaintiff in the sum of $5,835.60
with interest from July 31, 1951.

The case was vigorously tried, briefs,
suggested Findings of Fact and Conclusions of Law were submitted, and the
matter of erroneous refunds, as aforesaid, in the sum of $868.14 was never

[1]. Similar provisions to this section were contained in Section 3746(b) of the 1939 Internal Revenue Code, 26 U.S.C.

mentioned by the Government. Not until the Memorandum of the Court and award as aforesaid in favor of plaintiff was made did defendant assert the said erroneous payments in the motion to amend the judgment order.

Basically, this is an action by a taxpayer for repayment of taxes allegedly erroneously or illegally assessed and collected under the provisions of 28 U.S.C. § 1346(a) (1) (i).

Plaintiff contends that because the motion to amend the judgment order was not made within two years of the alleged refund it is barred by Section 6532(b) of the Internal Revenue Code of 1954 (26 U.S.C. § 6532(b)) and Section 3746 of the Internal Revenue Code of 1939, respectively.

Defendant contends that the motion does not constitute a suit for recovery of an erroneous refund which would be barred by the Statute of Limitations but rather that it merely reflects the amount of recovery to which plaintiff is entitled by virtue of the Court's judgment; that there was no need for the Government to plead the diminution of recovery called for in the Government's motion since this was not an "offset" as contemplated by plaintiff. Defendant further contends that the motion poses a challenge to the jurisdiction of the Court and that where jurisdictional requirements are found lacking the Court must sue sponte dismiss.

I am not impressed by the Government's argument. It smacks too much of Monday morning quarterbacking. Surely the Government must have been aware of the refunds in question when it answered the complaint. It then was content to stake its case on the broad underlying theory that the transactions involved were speculative in nature and not legitimate hedges. With the judgment against them, they now belatedly assert a jurisdictional lapse that it seems to me comes squarely within the provisions of 26 U.S.C. § 6532(b).

There is nothing in this record to impel the Court to exercise its discretion under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U. S.C.[2]

Motion of defendant to amend the judgment order is denied.

---

2. Delzona Corp. v. Sacks et al., 3 Cir., 1959, 265 F.2d 157.