266 A.2d 50.

GEORGE GRECO *et al. vs.* SAFECO INSURANCE COMPANY OF AMERICA.

JUNE 1, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover on a fire insurance policy commenced by a summons and complaint served on the state Insurance Commissioner at his office in Providence on July 23, 1969. No answer was filed thereto within 20 days as is required by the pertinent provisions of Rule 12 (a) of Super. R. Civ. P. On August 20 on motion of the plaintiffs the defendant was defaulted, and judgment entered in the amount of $18,000 plus interest. The defendant filed an answer on August 25 by its attorney, who had been unaware that judgment had entered at the time the answer was filed in Superior Court.

Thereafter the defendant was notified by the plaintiffs of the default judgment, and on August 29 the defendant moved to vacate the judgment under Rule 60 (b) (1) and (6) of Super. R. Civ. P. This motion was granted with terms on September 19, and the plaintiffs are now prosecuting an appeal to this court.

Rule 60 (b) provides that, on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment for several reasons. The reasons upon which defendant relies in seeking relief from the instant judgment are "(1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment." The rule further provides that such motion shall be made within a reasonable time and not more than one year after the judgment was entered.

The plaintiffs contend that the trial justice, in granting relief in the instant case, abused his judicial discretion in that defendant had not set forth specifically the circumstances surrounding the neglect that would warrant the relief being granted on the grounds set forth in Rule 60 (b) (1). It is to be conceded that this court has taken the position that the mere disclosure of an unexplained neglect, standing alone and without evidence establishing the existence of extenuating circumstances that would serve to render such neglect excusable, will not automatically excuse noncompliance with the rules. *King* v. *Brown,* 102 R. I. 42, 227 A.2d 589; *Fields* v. *S & M Foods, Inc.,* 105 R. I. 161, 249 A.2d 892.

It is our opinion, however, that, in so contending, plaintiffs overlook defendant's primary argument in this court, that is, that it was entitled to be relieved of the default judgment by virtue of the provisions set out in Rule 60 (b) (6). It is therein provided that relief from a default judgment may be granted for any other reason justifying

relief from the judgment. As we understand the position of defendant, it relies primarily upon Rule 60 (b) (6) to justify its position that the trial justice, in granting the relief here given, did not abuse his judicial discretion.

Under Rule 60 (b) (6) courts have wide latitude within which to grant relief from default judgments for reasons other than those set out in the first five clauses of the rule. It has generally been held that, under the statutes prior to the adoption of the rule, relief from default judgments should be given liberally in order to avoid denying litigants their day in court, excepting, of course, situations in which the time limitations have run. It is obvious, however, that the courts, in acting pursuant to the "other reason" rule, should exercise that liberality cautiously.

In *Klapprott* v. *United States,* 335 U. S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266, 277, the Court, speaking of this rule as it appears in the Fed. R. Civ. P., pointed out that there is a school of thought which holds that the "other reason" clause should be interpreted to deny relief except under circumstances sufficient to have authorized relief under the common law. The Court said: "One thing wrong with this contention is that few courts ever have agreed as to what circumstances would justify relief under these old remedies. To accept this contention would therefore introduce needless confusion in the administration of 60 (b) and would also circumscribe it within needless and uncertain boundaries. Furthermore 60 (b) strongly indicates on its face that courts no longer are to be hemmed in by the uncertain boundaries of these and other common law remedial tools. In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts

adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

However, the "other reason" clause was not intended to constitute a catchall. Perhaps the most well-defined limitation on its application is to be derived from the language of the commentator in 1 Kent, *R. I. Civ. Prac.*, §60.8, at 456. There Professor Kent points out that under this section the "circumstances must be extraordinary to justify relief * * *." We are persuaded, then, that the "other reason" clause should not be applied unless there has been a showing by appropriate evidence of circumstances that would establish a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules. In short, the evidence should establish that the peculiar circumstances pursuant to which the default judgment was entered, if permitted to stand, would work a manifest injustice.

In our opinion, the affidavits of the defendant set out a situation where the failure to file a timely answer was the result of circumstances that are extraordinary, and we conclude that to deny the relief prayed in such a situation would be to work manifest injustice on defendant. It appears therefrom that on July 23, 1969, the complaint and summons were served on the state Insurance Commissioner, who on that same date forwarded the summons and complaint to the home office of defendant corporation in Seattle, Washington. It further appears that defendant's home office forwarded the summons and complaint to a regional office in New Jersey and that that office forwarded said summons and complaint to the local office in Providence on August 14, 1969. On August 19 the local office mailed the summons and complaint to its attorney of record. The attorney thereupon prepared and filed an answer on August 25 in Superior Court. It appears from the affidavit that the Insurance Commis-

sioner forwarded the complaint and summons to the home office of defendant insurer without notifying or informing the local office that it had been served upon him. It is our opinion that this situation disclosed by the defendant constitutes an extraordinary circumstance in which the Superior Court was justified in relieving the defendant of the consequences of the default.

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

*Don G. Sinesi,* for plaintiffs.

*Albert Lisker,* for defendant.