404 A.2d 505.

THE BENDIX CORPORATION *et al. vs.* JOHN H. NORBERG, TAX ADMINISTRATOR.

AUGUST 2, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

156

JOSLIN, J. This is a petition for a writ of certiorari in a tax case. In June 1976, a judgment was entered in the Superior Court reversing a decision of the tax administrator and ordering him to refund taxes assessed by the administrator against and paid by the taxpayers. Instead of seeking review of that judgment by filing a petition for a statutory writ of certiorari pursuant to G.L. 1956 (1977 Reenactment) §42-35-16,[1] the administrator filed a motion for relief from judgment under Super. R. Civ. P. 60(b)(6).[2] He asked that the case be reopened and remanded to the tax division for further consideration of the correctness of the tax in light of G.L. 1956 (1970 Reenactment) §44-11-15,[3] that directs that

---

[1]In pertinent part G.L. 1956 (1977 Reenactment) §42-35-16 provides:

"Any party in interest, if aggrieved by a final judgment of the superior or district court rendered in proceedings brought under §42-35-15, may, within twenty (20) days from the date of entry of such judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved. The petition for a writ of certiorari shall set forth the errors claimed."

[2]Super. R. Civ. P. 60(b)(6) provides in pertinent part:

"(b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) *any other reason justifying relief from the operation of the judgment.*" (Emphasis added.)

[3]General Laws 1956 (1970 Reenactment) §44-11-15 provides:

"If at any time the tax administrator, on his own motion or acting upon a complaint by a taxpayer, shall determine that the methods of allocation hereinbefore provided are inequitable either to the state or to the taxpayer,

the equities be balanced in allocating income to determine the proper tax, and so that justice might be accomplished. That section had not been considered at the original hearing before the tax administrator or at the Superior Court trial.

The trial justice reserved decision on that motion and in May 1977, in a written decision, denied it. Within 20 days thereafter, the administrator brought "his petition for a writ of certiorari to this Honorable Court pursuant to section 42-35-16,"[4] alleging that both the June 1976 judgment ordering the refund and the May 1977 denial of the Rule 60(b)(6) motion were erroneous, and praying that both be corrected.[5] We ordered the writ to issue and directed the parties to argue the question of the timeliness of the petition.

At the outset is the procedural question of whether in these circumstances a petition for certiorari, be it for the statutory writ under §42-35-16 or for the common-law writ, is the appropriate vehicle for obtaining review of the errors

the tax administrator, after affording the taxpayer reasonable opportunity to be heard, may apply such other method of allocation as shall be equitable and, if necessary, shall redetermine the tax."

[4]The administrator overlooks the basis upon which his petition for a writ of certiorari is premised when he states in his brief that he "framed his petition for certiorari generally for review of the decision and judgment on the motion, without specific reference to Section 42-35-16, since he was in doubt as to whether review of a question of abuse of discretion would fall within the statutory language of Section 42-35-16, or should be considered as a petition for writ of common-law certiorari."

[5]In arguing in his brief that the merits of the underlying Superior Court judgment of June 1976 are not before us, the administrator also overlooks (1) his representation in paragraph 7 of his petition for certiorari that "[t]he Tax Administrator is aggrieved by the judgment entered on June 30, 1976 and by the order entered on May 18, 1977," and (2) his prayer for relief asking that a writ of certiorari issue directing the certification of the *whole record* of the case "so that the same may be reviewed and error corrected."

charged by the administrator. Even were we to resolve that issue in the administrator's favor, however, he could not prevail in this proceeding.

The language of Super. R. Civ. P. 60(b)(6)(the "other reason" clause) does vest the Superior Court with broad power to vacate judgments whenever that action is appropriate to accomplish justice. The discretion granted therein, however, is not without limitations and the clause is not intended to constitute a catchall. Professor Kent suggests that the "circumstances must be extraordinary to justify relief." 1 Kent, *R.I. Civ. Prac.* §60.08 at 456 (1969). And in *Greco v. Safeco Insurance Co. of America*, 107 R.I. 195, 198, 266 A.2d 50, 52 (1970), we said that:

> "We are persuaded, then, that the 'other reason' clause should not be applied unless there has been a showing by appropriate evidence of circumstances that would establish a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules." *Accord, Vitale* v. *Elliott*, 120 R.I. 328, 331, 387 A.2d 1379, 1382 (1978); *Stevens* v. *Gulf Oil Corp.*, 108 R.I. 209, 212-13, 274 A.2d 163, 165 (1971).

In this case the administrator is claiming, in essence, that, either through his own or counsel's inadvertence, he neither considered the applicability of §44-11-15 when the case was originally heard before him nor brought it to the attention of the trial justice when the case was being reviewed in the Superior Court. Application for relief from that kind of mistake seems more appropriate under the "mistake, inadvertence, surprise, or excusable neglect" category of Rule 60(b)(1), than it does under 60(b)(6). Action taken at trial in ignorance of the law, however, generally has not been regarded either as "excusable neglect" under Fed. R. Civ. P. 60(b)(1), 7 Moore, *Federal Practice* ¶60.22[2] at 252-54 (2d ed. 1971), or as a basis for relief under Fed. R. Civ. P. 60(b)(6). *Id.* ¶60.27[2] at 370-71. In applying this principle courts have refused to grant relief under Rule 60(b) when a party or his counsel, after trial, discovers applicable law that

he did not perceive or raise at trial. *E.g., United States* v. *Erdoss,* 440 F.2d 1221, 1223 (2d Cir. 1971) (failure to oppose default judgment because of error of law); *Benton* v. *Vinson, Elkins, Weems & Searls,* 255 F.2d 299, 300-01 (2d Cir.), *cert. denied,* 358 U.S. 885, 79 S. Ct. 123, 3 L. Ed. 2d 113 (1958) (tardy discovery of statute of limitations); *Baker* v. *Southern Pacific Transportation Co.,* 22 F.R. Serv. 1251, 1252-53 (D. Ore. 1976) (failure to raise compulsory counterclaim); *Torockio* v. *Chamberlain Mfg. Co.,* 56 F.R.D. 82, 85-87 (W.D. Pa. 1972) (failure to file requisite notice to sue); *Schattman* v. *Texas Employment Commission,* 330 F. Supp. 328, 330 (W.D. Tex. 1971), *rev'd on other grounds,* 459 F.2d 32 (5th Cir. 1972), *cert. denied,* 409 U.S. 1107, *rehearing denied,* 410 U.S. 959 (1973) (failure to raise a statutory exclusion); *Weiler* v. *United States,* 191 F. Supp. 601 (M.D. Pa. 1961); *United R.R. Operating Crafts* v. *New York, N.H. & H.R. Co.,* 15 F.R.D. 365, 366 (S.D.N.Y. 1953) (failure to raise constitutional issue at trial).

In *Weiler* the fact situation was substantially similar to that in this case. The claim was for a federal tax refund and the taxpayer was awarded judgment for the recovery of taxes illegally collected. The government then moved to amend the judgment to reduce the amount awarded, arguing for the first time that certain erroneously made refunds operated to reduce the amount in controversy. The District Court denied relief, holding that Fed. R. Civ. P. 60(b) does not provide an avenue for relief from judgment where the only justification for that relief is the litigant's failure to argue a legal theory or to interpose an arguably applicable defense.

We are unable to say that the circumstances in this case were so unique and manifest injustice so likely to result that we should rule as a matter of law that the trial justice abused his discretion when he denied the tax administrator's motion for relief under Rule 60(b)(6).

The tax administrator's petition for a writ of certiorari is therefore denied, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the Superior Court with our decision endorsed thereon.

*Hinckley, Allen, Salisbury & Parsons, H. Peter Olson, John B. Rosenquest III, Howard E. Walker,* for plaintiffs-respondents.

*Dennis J. Roberts II,* Attorney General, Allen P. Rubine, Assistant Attorney General, *Perry Shatkin,* Chief Legal Officer (Taxation), for defendant-petitioner.