**David J. CROSSEN**

v.

**Linda DUDLEY.**

No. 82–117–Appeal.

Supreme Court of Rhode Island.

June 22, 1984.

Michael J. Kiselica, Cranston, for plaintiff.

Richard A. Skolnik, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a judgment of the Superior Court granting the defendant's motion for summary judgment, and dismissing the plaintiff's complaint against the defendant.

On February 18, 1981, plaintiff, David Crossen, filed a complaint against defendant, Linda Dudley, who is a stenographer in the Washington County Family Court. The complaint alleges that on February 16, 1981, defendant participated in an alleged sick-out by state court stenographers. It also alleged that because of defendant's failure to attend to her duties, Family Court adjourned for the day without hearing various motions in a lawsuit in which plaintiff was a litigant.[1] The complaint requested that defendant be found in civil contempt and that plaintiff be awarded compensatory and punitive damages.[2]

---

1. This lawsuit was entitled *David J. Crossen v. Mary Sue Crossen*, F.C. 80–359.

2. The plaintiff claims that his day in court cost him a day's wages and $150 in counsel fees.

Subsequent to filing plaintiff's complaint, plaintiff's attorney, Aram Berberian, was suspended from the practice of law. *See Carter v. Berberian*, R.I., 442 A.2d 1263 (1981). Although his attorney attempted to comply with a court order and Supreme Court Rule 42–15 by submitting a list of his clients to the Supreme Court clerk, he failed to include plaintiff's name on this list.

On January 20, 1982, plaintiff's current attorney filed an appearance as co-counsel in this suit; Aram Berberian never filed a motion to withdraw from this case.

The defendant answered the complaint by her attorney on March 10, 1981. On February 10, 1982, her original attorney withdrew as counsel and defendant's present counsel entered his appearance on behalf of defendant. That same day, defendant's new attorney certified that he had mailed a copy of a motion for summary judgment to "opposing counsel of record," Aram K. Berberian. He also notified Mr. Berberian that a hearing on the motion would be held on February 18, 1982. This motion was not received until February 19, 1982. Accordingly, neither plaintiff nor his attorney appeared at the hearing on the motion. The defendant's motion for summary judgment was granted by a justice of the Superior Court. In dismissing plaintiff's complaint, the trial justice found:

"(1) There exists no genuine issue of material fact;

"(2) That this Complaint and the matters before the Court with respect thereto, fail to state a claim or cause of action upon which relief can be granted."[3]

The plaintiff, in prosecuting his appeal, submits two issues for this court to consider: (1) that the trial court erred in granting the motion for summary judgment and (2) that an unexcused absence from court by court personnel amounts to contempt of court.

I

The parties to this action do not dispute the fact that plaintiff did not receive notice of this hearing until after the hearing was held, nor do they dispute the fact that the lack of notice was not the fault of either of the attorneys presently involved in this suit. Indeed, counsel currently representing plaintiff and defendant were unaware of each other's participation in this matter until after entry of judgment by the Superior Court.

Ordinarily, we would treat the judgment in question as a default judgment and remand the case to Superior Court for a hearing under Rule 60(b)(6) of the Superior Court Rules of Civil Procedure. *Cf. Stevens v. Gulf Oil Corp.*, 108 R.I. 209, 212, 274 A.2d 163, 165 (1971) (discussing use of relief offered by Rule 60(b)(6)). This provision accords relief from a default judgment in which appropriate evidence exists to "establish that the peculiar circumstances pursuant to which the default judgment was entered, if permitted to stand, would work a manifest injustice." *Greco v. Safeco Insurance Company of America*, 107 R.I. 195, 198, 266 A.2d 50, 52 (1970).

This case, however, presents a unique issue. The neglect of a suspended attorney to include the plaintiff's name on a list of his clients filed with the Clerk's Office of the Supreme Court pursuant to Supreme Court Rule 42–15(b) caused each attorney to be completely unaware of the other's involvement in this case. In addition, the suspended attorney's failure to comply with an order of this court ultimately resulted in a judgment dismissing the plaintiff's complaint after a hearing of which the plaintiff received no notice. Under the narrow facts of this case, we believe that

---

**3.** Although defendant entitled her motion as one for summary judgment, one of her stated grounds for relief was that the complaint fails to state a claim upon which relief can be granted. In light of the language of the order dismissing plaintiff's complaint, we cannot determine whether the complaint was dismissed under Super.R.Civ.P. 12(b)(6) for failure to state a claim under which relief could be granted or under a motion for summary judgment. The record does not contain a transcript of the hearing below.

the judgment of the Superior Court dismissing the plaintiff's complaint works a manifest injustice. In the interest of judicial economy and because the defendant will not be prejudiced by our action, we therefore vacate the order of the Superior Court and grant the plaintiff his day in court. In view of our position on the first issue, we need not discuss the plaintiff's second issue.

Accordingly, the appeal is sustained, the judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.