[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the third-party defendant's motion for an extension of time pursuant to Super. Ct. R. Civ. P. 6(b)(2). This motion was argued on June 14, 1991.
FACTS
On May 6, 1991, an arbitration award in this matter was rendered. The award was entered by the arbitration office on May 8, 1991. Under R.I.R. of Super. Ct. Governing Arbitration 5(a), the last day for filing a rejection was May 28, 1991. On May 24, 1991, the defendant, Leonard A. Garofalo, mailed his notice of rejection of the arbitrator's award to the Superior Court Clerk's Office and included a check for $200.00. The rejection was received in the clerk's office on or before May 28, 1991, but the exact date is unknown.
It is routine practice for the Superior Court Clerk's Office not to stamp arbitration matters. Additionally, attorney cover letters are routinely discarded. The procedure followed by the clerk's office regarding Arbitration Office filings is to deposit the filings in a receptacle marked "Arbitration Office". The arbitration office periodically picks up the contents of this receptacle. In the case at bar, the contents of the receptacle were collected on May 24, 1991, and May 31, 1991, and at no other time. The Arbitration Office's routine practice is to accept filings in the Superior Court Clerk's Office. The rejection was eventually received by the arbitration office on May 31, 1991. The clerk's office entered final judgment on the award on May 28, 1991.
ANALYSIS
Under Super. Ct. R. Civ. P. 60(b)(6), this court upon motion is permitted to relieve a party from a final judgment, order, or proceeding when there exists a reason to justify relief from the operation of the judgment. This rule vests the court with broad power to vacate judgments whenever that action is appropriate to accomplish justice. The discretion granted in rule 60(b)(6) is not intended to be a "catch all" but the circumstances must be extraordinary to justify relief. Bendix Corp. v. Norberg,122 R.I. 155, 158, 404 A.2d 505, 506. Further, the court in Greco v.Safeco Insurance Co. of America wrote that the "other reason" clause in Rule 60(b)(6) should not be applied unless there has been a showing by appropriate circumstances establishing a uniqueness to place the case outside of the normal and usual circumstances accompanying failures to comply with the rules.107 R.I. 195, 198, 266 A.2d 50, 52 (1970); See also Vitale v.Elliott, 120 R.I. 328, 331, 387 A.2d 1379, 1382 (1978); Stevensv. Gulf Oil Corp., 108 R.I. 209, 212-213, 274 A.2d 163, 165 (1971).
Applying the above standard to the case at bar, this court finds the circumstances of the case warrant granting the plaintiff's motion. The plaintiff inadvertently mailed his notice of rejection of the arbitrator's award to the Superior Court Clerk's Office. This court finds that rule 60(b)(6) and the above cited cases relieve the plaintiff from his mistake. The plaintiff's failure to comply with the arbitration rules was inadvertent. The circumstances of the case justify granting relief from the operation of the judgment. Bendix, supra;Vitale, supra; Stevens, supra; and Greco, supra.
In addition, this court finds that Mauricio v. Zoning Boardof Review of the City of Pawtucket, No. 90-4-M.P. (May 16, 1991), to be distinguished from the case at bar in two ways. First, in Mauricio the petitioners untimely mailed their notice of appeal to the correct office. However, in the case at bar, the notice of appeal of the arbitrator's award was timely forwarded to the incorrect office. This court finds that mistake to be inadvertent. Second, in Mauricio the Superior Court only had jurisdiction of the case once it was appealed from the Zoning Board of Review of the City of Pawtucket. In the case at bar, the Superior Court has had continuous jurisdiction of the case.
CONCLUSION
The motion third-party defendant's for extension of time is granted. Counsel shall prepare an order to reflect the above disposition.