June 20, 2018

William C. McLaughlin              :

v.                                 :

Zoning Board of Review of the Town of      :
Tiverton et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2017-156-Appeal.
(NC 11-535)
(dissent begins on page 20)

William C. McLaughlin       :

v.            :

Zoning Board of Review of the Town of    :
Tiverton et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  When, close to a decade ago, William C. McLaughlin built a garage on his property in Tiverton, he did so in violation of the setback requirements set forth in Tiverton's Zoning Ordinance.  As the record indicates, and as is not in dispute, a portion of McLaughlin's garage was within seven feet of his property boundary, twenty-three feet short of the side yard setback requirement of thirty feet.  Those twenty-three feet have triggered a yearslong process that McLaughlin now seeks to partially unwind.

McLaughlin appeals from a September 2, 2016 order of the Superior Court denying his motion to vacate an earlier court order, entered on April 7, 2014, that compelled him to remove the garage from his property.  As it stands now, over eleven years after McLaughlin first set out to build a garage, the Town of Tiverton has had the garage removed, and it holds a $69,300 lien on McLaughlin's property arising from contempt fines that were imposed by a trial justice in

- 1 -

August 2015.[1]   In this appeal, we are tasked with resolving the following issues: whether to vacate the April 7, 2014 order under Rule 60(b)(4) of the Superior Court Rules of Civil Procedure; whether to vacate it under Rule 60(b)(6); and whether McLaughlin is barred by the doctrine of *res judicata* from pursuing either of those two avenues.

For the reasons set forth in this opinion, we reverse the Superior Court order denying McLaughlin's motion to vacate the April 7, 2014 order.

# I

## Facts and Travel

The relevant facts of this case are not in dispute, but they tell a rather complicated tale. In 2007, McLaughlin applied for and received a permit from the municipal Building Inspector to build a 40-by-60 foot garage on his property. As he would later admit to the Tiverton Zoning Board of Review and in a letter seeking a zoning variance, that permit was based on an erroneous site plan that McLaughlin had provided to the town. That plan, which McLaughlin himself prepared, inaccurately described the boundaries of his property. Whether this error was inadvertent or intentional is unknown, but it is clear that McLaughlin's garage was built well short of the side yard setback required by the Tiverton Zoning Ordinance.

## A

## McLaughlin's Zoning Appeal

In 2010, spurred to action by a notice of violation issued by the zoning official, McLaughlin applied for a zoning variance from the Zoning Board of Review.[2] After a number

---

[1] At oral argument, counsel for the town indicated that he was unaware of any present intention to place a lien on McLaughlin's property for the cost of removing the garage.
[2] It appears from our review of the record that the notice of violation was prompted, unsurprisingly, by one or more complaints from an abutting neighbor. In addition to skirting the

of continuances, the zoning board held a hearing on McLaughlin's variance request on September 7, 2011. At that hearing, McLaughlin, who was represented by counsel, argued that the zoning board should grant him a variance from the setback requirement because he had exercised reasonable care in locating the area on which to build the garage. The financial hardship associated with moving the garage, McLaughlin asseverated, justified relief from the literal requirements of the ordinance.

After hearing from McLaughlin and also after taking testimony from one of McLaughlin's abutting neighbors, the zoning board unanimously denied the variance application. In a letter dated October 3, 2011, the zoning board explained, among other things, that not only was McLaughlin's garage in violation of the side yard setback requirement, but also that the garage was in violation of the front yard setback requirement.

Shortly after his variance request was denied, McLaughlin, now *pro se*, appealed to the Superior Court for relief. But there, too, his appeal for zoning relief was unsuccessful. In an October 4, 2013 bench decision, a justice of the Superior Court affirmed the zoning board's denial of McLaughlin's variance request. That justice concluded that the only hardship McLaughlin faced was purely financial in nature, and the hearing justice held that such self-created financial hardship was not a sufficient ground justifying a variance. McLaughlin, still unsatisfied, then appealed that judgment to this Court. However, in January 2014, his appeal was dismissed as procedurally improper.[3]

---

setback requirements, McLaughlin also appears to have encroached onto that neighbor's property by clearing, filling, and grading the surrounding area.

[3] "It is well settled in this jurisdiction that there is no right of appeal to the Supreme Court from decisions of the Superior Court with respect to zoning appeals." *Lupo v. Community Works Rhode Island Inc.*, 57 A.3d 667, 667 (R.I. 2012) (mem.) (quoting *Northern Trust Co. v. Zoning Board of Review of Westerly*, 899 A.2d 517, 519 (R.I. 2006) (mem.)). "The 'proper procedure to

It is at this juncture that this seemingly run-of-the-mill zoning matter went astray. That is so because on October 4, 2013, just after rendering his decision affirming the zoning board, the hearing justice and counsel for the zoning board had engaged in the following colloquy:

> "[COUNSEL]: Thank you, your Honor. Your Honor, I would also ask the Court to make part of the order that there be compliance with the Zoning Board's decision. This is not an appeal from the Municipal Court, so it would be with this court to enter the order with respect to the applicable remedy as well.
>
> "THE COURT: The only thing before me is the Zoning Board decision right now.
>
> "[COUNSEL]: Okay. I have to do a separate motion.
>
> "THE COURT: I would suggest a separate motion. I have every reason to believe that — I mean, that the decision of the Court upholding the Board's decision, I assume that Mr. McLaughlin is going to comply or appeal, whatever. So I'll await whatever request you want to formally make.
>
> "[COUNSEL]: Thank you, your Honor."

That colloquy, raising the specter of a forthcoming "separate motion," was a foreshadowing of things to come.

**B**

**The Separate Motion**

On March 11, 2014, the same assistant town solicitor who represented the board in defending McLaughlin's zoning appeal filed a motion entitled "Motion for Order to Comply." That motion was filed in this case, captioned NC 11-535, the same case in which, as discussed above, the hearing justice had affirmed the zoning board's denial of the variance. In moving for an order to comply, the zoning board asked the Superior Court to order McLaughlin to "either

---

review a judgment of the Superior Court on appeal from a decision of a zoning board is by writ of certiorari.'" *Id.* (quoting *Northern Trust Co.*, 899 A.2d at 519).

move or remove the [garage] to comply with local zoning in accordance with the Decision of the [zoning board], affirmed by this court[.]" As a penalty, the zoning board suggested "that if [McLaughlin] does not effectuate such compliance by either moving or removing the structure within ninety (90) days of this Order[,]" then he "shall be adjudged in contempt and subject to a fine for each day thereafter that the [garage] remains out of compliance[.]"

Furthermore, in its memorandum supporting the motion, the zoning board requested that the Superior Court invoke its equitable powers under G.L. 1956 § 8-2-13 and order McLaughlin to comply with the Tiverton Zoning Ordinance by moving or removing his garage. The matter was scheduled for a hearing on April 7, 2014. Significantly, McLaughlin does not dispute that he received notice of that hearing.

However, McLaughlin did not appear on April 7. A brief hearing was presided over by the same hearing justice who heard and denied McLaughlin's zoning appeal. It went as follows:

> "[COUNSEL]: Your Honor, this is a motion for, requesting motion to comply. This was a zoning case. The decision was appealed, the Zoning Board, in Superior Court. The Court upheld the decision of the Zoning Board. Defendant is pro se. He filed an appeal with the Supreme Court. That was dismissed as improper back in January, and there's been no further filing. So at this time we'd ask for an order to move or remove the structure to comply with the zoning, and if that's not done within 90 days, to order a daily fine. We left the fine to your discretion. We would request up to $500 a day for that fine if it's not moved in the 90 days.
>
> "THE COURT: Do you have an order prepared?
>
> "[COUNSEL]: I do. Thank you, your Honor. We've left the blank for the dollar amount.
>
> "THE COURT: $200 a day.
>
> "[COUNSEL]: Thank you, your Honor.
>
> "THE COURT: Motion's granted."

And with that, the April 7 hearing concluded. An order entered, granting the zoning board's motion and setting a ninety-day clock for McLaughlin to comply with the setback requirements of the Tiverton Zoning Ordinance.

On the very next day, April 8, 2014, McLaughlin filed a motion of his own. He denominated his filing as a "Motion to Vacate Judgment/Reconsider[.]" However, a letter accompanying that motion referred to his pleading as a "[m]otion to reconsider judgment * * *." A hearing on the motion was held on May 9, 2014.

At the beginning of that hearing, the hearing justice sought to clarify what McLaughlin was seeking in his motion.[4] After McLaughlin raised a host of grievances, many of which related to his already-decided zoning appeal, the hearing justice told McLaughlin:

> "I know of no provision in the rules, assuming you're filing a motion for reconsideration, I don't know of any provision in the rules for a motion for reconsideration. I'm not prepared to change my mind, in any event. Your remedy, as you indicate, you expect to take advantage of is a petition for certiorari, review in the Supreme Court?"

McLaughlin replied, "Yes, sir."[5]

After another back-and-forth with the hearing justice, McLaughlin then addressed what appears to be the foremost reason that he wanted the hearing justice to reconsider his order of April 7, 2014. According to McLaughlin, the notice he received appeared to inform him that the hearing was to be held on April 17, a mix-up that, in his view, warranted the hearing justice

---

[4] Throughout the letter filed in support of his motion, McLaughlin asserted sporadic complaints of unfair treatment and deceptive conduct.

[5] On July 22, 2014, McLaughlin did file a petition for a writ of certiorari in this Court; however, his petition was denied on June 12, 2015.

reconsidering the order.[6] Toward the conclusion of the hearing, the hearing justice finally pinned down what McLaughlin's core concern was: He needed more time to comply with the April 7 order. Thus, McLaughlin assented to a partial remedy; the zoning board agreed to reset the ninety-day timeline. Thereafter, on May 20, 2014, the hearing justice entered an order affirming that McLaughlin would be required to move or remove his garage in compliance with the Tiverton Zoning Ordinance. However, the order also gave him ninety days from the May 9, 2014 hearing to do so.

## C

### The Removal of McLaughlin's Garage

Over the course of the next two years, the zoning board's efforts to remove McLaughlin's garage plodded along. In October 2014, well after the ninety-day clock had struck midnight, the zoning board moved to adjudge McLaughlin in contempt. In August 2015, after holding a hearing on the zoning board's contempt motion, a second justice of the Superior Court, whom we shall refer to as the trial justice, found McLaughlin in contempt of the May 20, 2014 order. As a result, the trial justice imposed fines totaling $69,300; $68,800 for McLaughlin's failure to comply with the court order and $500 for the zoning board's legal fees accrued in pursuing the motion.[7]

Yet McLaughlin remained recalcitrant, and, in October 2015, the zoning board filed a motion to enforce, asking the Superior Court to allow the Town of Tiverton to remove the garage. Unlike the zoning board's earlier "Motion for Order to Comply[,]" which pointed to the

---

[6] This was apparently the result of a misreading on McLaughlin's part. As the record makes clear, the zoning board's filing expressly stated that the hearing was to be held on April 7, 2014. In any event, McLaughlin has conceded that he received notice of the hearing.

[7] Of note, at some point between when the zoning board filed its contempt motion and when the trial justice granted it, counsel for the zoning board changed.

Superior Court's equity jurisdiction under § 8-2-13, this motion invoked G.L. 1956 §§ 45-24-62(3) and (4). That statute vests the Superior Court with the jurisdiction to aid towns and cities in their enforcement of their zoning ordinances. It provides, in pertinent part,

> "the superior court * * * shall, upon due proceedings in the name of the city or town, instituted by its city or town solicitor, have power to issue any extraordinary writ or to proceed according to the course of law or equity or both:
> "* * *
> "* * *
> "(3) To order the removal by the property owner of any building, structure, sign, or improvement existing in violation of any zoning ordinance enacted under the provisions of this chapter and to authorize some official of the city or town, in the default of the removal by the owner, to remove it at the expense of the owner; [and/or]
> "(4) To order the reimbursement for any work or materials done or furnished by or at the cost of the city or town[.]" Section 45-24-62.

On November 18, 2015, the trial justice entered an order granting the zoning board's motion to enforce. The trial justice ordered McLaughlin to "immediately begin to bring [his garage] into compliance with the Tiverton Zoning Ordinance," giving him until February 7, 2016—"ninety (90) days from November 9, 2015"—to achieve full compliance. As the trial justice ordered, if McLaughlin did not reach full compliance by that time, the Town of Tiverton would be authorized to "enter [McLaughlin's] property, remove the offending structure therefrom, and charge the entire cost of removal to [McLaughlin], without any further action of the [Superior] Court."

McLaughlin did not remove his garage in time. At February's end in 2016, McLaughlin, still *pro se*, filed suit in the United States District Court for the District of Rhode Island, seeking a temporary restraining order to prevent the removal of his garage. That request was denied

shortly thereafter. On March 28, 2016, the Town of Tiverton removed the garage from McLaughlin's property.

With his garage now dismantled, McLaughlin, at long last, obtained counsel.[8] It is worth noting that, although the garage had been removed, the Town of Tiverton has placed a lien on McLaughlin's property for the $69,300 in fines imposed by the August 2015 contempt order.

## D

### The 2016 Motion to Vacate

On May 25, 2016, McLaughlin filed a motion to vacate the April 7, 2014 order. Significantly, that order served as the basis for all the subsequent court orders. McLaughlin posited that the April 7, 2014 order should be vacated under Rules 60(b)(4) and 60(b)(6) of the Superior Court Rules of Civil Procedure. He argued that, because the Superior Court lacked the subject matter jurisdiction to order him to remove the garage, the order was void under Rule 60(b)(4). That argument rested on the fact that, pursuant to § 45-24-62, Tiverton had not filed a separate action to obtain a removal order and thus the Superior Court did not have jurisdiction when it acted. With respect to Rule 60(b)(6), McLaughlin averred that the lack of a separate action brought by the town and the interests of justice justified relief from the operation of the order.

The zoning board opposed McLaughlin's motion. It argued that, not only did the Superior Court have jurisdiction to issue the April 7, 2014 order, but also that McLaughlin was barred from pursuing his motion to vacate by the doctrine of *res judicata*. As the zoning board

---

[8] McLaughlin's first suit in federal court was dismissed without prejudice; after he obtained counsel, it was refiled. In the refiled federal lawsuit—which, on representation of appellate counsel, has been stayed pending resolution of this appeal—McLaughlin alleges myriad claims, ranging from due process violations to abuse of process.

observed, the May 2016 motion to vacate was not McLaughlin's first attempt to obtain relief, given his motion to reconsider/vacate on April 8, 2014.

After hearing argument on McLaughlin's motion, the trial justice issued a written decision denying the motion in late August. The trial justice held that the doctrine of *res judicata* barred McLaughlin's motion to vacate. He concluded that McLaughlin's April 8, 2014 motion to reconsider was, in effect, a motion to vacate and that any issues regarding the Superior Court's subject matter jurisdiction should have been raised at that time.[9] Although he decided that the motion could be denied on that ground alone, the trial justice also opined that the Superior Court did in fact possess subject matter jurisdiction to grant the "Motion for Order to Comply"—thereby defeating McLaughlin's argument that it was void under Rule 60(b)(4)—and that McLaughlin failed to show a reason justifying relief under Rule 60(b)(6).[10] In sum, the trial justice explained, "McLaughlin failed to prove that either the [April 7, 2014 order] was void or that extraordinary circumstances existed to justify vacating [it] in the interest of justice." An order entered reflecting the trial justice's decision denying McLaughlin's motion to vacate on September 2, 2016. It is from that order that McLaughlin appeals to this Court.

## II

### Discussion

Before this Court, McLaughlin asserts three challenges to the 2016 order denying his motion to vacate. As a threshold matter, he argues that the trial justice erred when he applied the doctrine of *res judicata*. He also maintains that the April 7, 2014 order should be vacated under

---

[9] Although we stress that the Superior Court Rules of Civil Procedure say nothing of a motion to reconsider, we do note that "a party's motion to reconsider has been treated by this Court as a motion to vacate a judgment under Rule 60(b)." *Turacova v. DeThomas*, 45 A.3d 509, 514-15 (R.I. 2012).

Rule 60(b)(4) because it was void. Finally, he contends that the April 7, 2014 order should be vacated under Rule 60(b)(6) in the interests of justice, given the unique circumstances of this case.

## A

### *Res Judicata*

We need not dwell for long on whether *res judicata* applies here. In our judgment, it quite clearly does not. To us, the zoning board's argument that the trial justice correctly applied *res judicata* sounds more in the doctrine of "law of the case" than it does in the doctrine of *res judicata*. As we have explained, the law-of-the-case doctrine generally holds that "after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." *Richardson v. Smith*, 691 A.2d 543, 546 (R.I. 1997). When the trial justice denied McLaughlin's motion to vacate in 2016, he did so, in part, because of his concern for the finality of the hearing justice's April 7, 2014 order. That sort of reasoning rings to the tune of law of the case, not *res judicata*. *Compare id. with E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I. 1994) (noting that *res judicata* is "[u]sually asserted in a subsequent action based upon the same claim or demand, [and] the doctrine precludes the relitigation of all the issues that were tried or might have been tried in the original suit"). Indeed, "[a]lthough this law-of-the-case doctrine does not have the finality of res judicata," we have said that it "generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among

---

[10] Of note, the trial justice also found that, while it was without merit, McLaughlin's May 25,

- 11 -

them to the detriment of public confidence in the judicial function." *Richardson*, 691 A.2d at 546 (quoting *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I. 1983)). In denying McLaughlin's 2016 motion to vacate, the trial justice was correctly concerned with grounding his decision in the interest of finality; however, it was a finality that should have been based on the law-of-the-case doctrine, not the doctrine of *res judicata*, because the order was made in the context of the same case.[11]

## B

## Rule 60(b)(4)

Generally, "[a] Rule 60(b) motion to vacate is addressed to the trial justice's sound judicial discretion and will not be disturbed on appeal, absent a showing of abuse of discretion." *Allen v. South County Hospital*, 945 A.2d 289, 293 (R.I. 2008) (quoting *Keystone Elevator Co. v. Johnson & Wales University*, 850 A.2d 912, 916 (R.I. 2004)). However, when a party moves to vacate a judgment under Rule 60(b)(4), that deferential standard of review gives way to *de novo* review. As we have explained, "[t]his Court reviews *de novo* an appeal from a denial of a motion to vacate a judgment where the motion is based on an allegation that the judgment is void pursuant to Rule 60(b)(4)." *In re Quigley*, 21 A.3d 393, 398 (R.I. 2011). This is so "because '[a] judgment is either valid or it is not and discretion plays no part in resolving the issue.'" *Id.* (quoting *Nisenzon v. Sadowski*, 689 A.2d 1037, 1047 (R.I. 1997)). For that reason, "a Rule 60(b)(4) motion may be brought at any time." *Id.*

---

2016 motion to vacate was timely under Rules 60(b)(4) and 60(b)(6).

[11] Further, with particular respect to McLaughlin's argument that the April 7, 2014 order should be vacated under Rule 60(b)(4), we also note that "a claim of lack of subject matter jurisdiction may be raised at any time." *Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009) (quoting *Pollard v. Acer Group*, 870 A.2d 429, 433 (R.I. 2005)).

"However, [a] judgment is not void merely because it is erroneous." *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 869 (R.I. 2001) (quoting *Jackson v. Medical Coaches*, 734 A.2d 502, 506 (R.I. 1999)). For a judgment to be vacated as void under Rule 60(b)(4), "the court entering the judgment" either must have "lacked jurisdiction" *or* "the court's action [must have] amount[ed] to a plain usurpation of power constituting a violation of due process." *Id.* (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). In this case, McLaughlin argues that the April 7, 2014 order is void for each of those reasons. He contends that the Superior Court lacked subject matter jurisdiction to enter the order and that "the court's action amount[ed] to a plain usurpation of power constituting a violation of due process." *Id.* (quoting *Hoult*, 57 F.3d at 6).

We are satisfied that the April 7, 2014 order was not void. As this Court has explained, there is a fine distinction between the absence of jurisdiction and the exercise of jurisdiction. *See Hartt v. Hartt*, 121 R.I. 220, 227, 397 A.2d 518, 522 (1979). Indeed, we have remarked "that the distinction between the 'appropriate exercise of power and the absence of power' may at times be 'blurry.'" *Narragansett Electric Co. v. Saccoccio*, 43 A.3d 40, 44 (R.I. 2012) (quoting *Mesolella v. City of Providence*, 508 A.2d 661, 665 (R.I. 1986)). As pertains to this case, there is a statute that clearly vests in the Superior Court the jurisdiction to order McLaughlin to remove his garage. It bears repeating that § 45-24-62 states that:

> "[T]he superior court * * * shall, upon due proceedings in the name of the city or town, instituted by its city or town solicitor, have power to issue any extraordinary writ or to proceed according to the course of law or equity or both:
> "* * *
> "* * *
> "(3) To order the removal by the property owner of any building, structure, sign, or improvement existing in violation of any zoning ordinance enacted under the provisions of this chapter and to authorize some official of the city or town, in the default of the removal by the owner, to remove it at the expense of the owner; [and/or]

- 13 -

"(4) To order the reimbursement for any work or materials done or furnished by or at the cost of the city or town[.]"

Therefore, we are constrained to conclude that the Superior Court was vested with the subject matter jurisdiction to order McLaughlin to remove the garage. The only remaining question as to whether the order granting the zoning board's "Motion for Order to Comply" is void under Rule 60(b)(4) centers on the manner in which the hearing justice exercised that jurisdiction.

In the parlance of our caselaw, this brings us to decide whether the April 7, 2014 order represents "a plain usurpation of power constituting a violation of due process." *See Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Hoult*, 57 F.3d at 6). In our opinion, it does not. As McLaughlin admits, he received notice—albeit notice that he purportedly misread—of the April 7, 2014 hearing. Because it is undisputed that McLaughlin was provided with notice and afforded an opportunity to be heard, we cannot conclude that the April 7, 2014 order went so beyond the pale as to evince "a plain usurpation of power constituting a violation of due process." *Id.* (quoting *Hoult*, 57 F.3d at 6).

Nevertheless, McLaughlin poses one last argument as to why that order is void. In McLaughlin's view, the procedural posture of the case at the time when the order was entered justifies vacating it under Rule 60(b)(4). As McLaughlin correctly observes, when the zoning board filed its motion in March 2014, the case—which was McLaughlin's appeal from a denial of his variance request—was already closed because final judgment had entered. The zoning board's denial of McLaughlin's zoning appeal had been affirmed, and McLaughlin's appeal to this Court had been dismissed as procedurally improper. That posture, McLaughlin reasons, renders the April 7, 2014 order granting the zoning board's motion void.

We do not agree. Because the Superior Court possessed the subject matter jurisdiction to order McLaughlin to remove his garage, and because the granting of the April 7, 2014 order did

- 14 -

not mark a "plain usurpation of power constituting a violation of due process[,]" the April 7, 2014 order was and is not void. *See Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Hoult*, 57 F.3d at 6).

**C**

**Rule 60(b)(6)**

In a final attempt to pry himself from the grasp of the April 7, 2014 order, McLaughlin argues that the unique circumstances of this case present a manifest injustice "justifying relief from the operation of the" order. *See* Super. R. Civ. P. 60(b)(6). We agree. At the outset, we note that McLaughlin shoulders a heavy burden in appealing the trial justice's denial of his Rule 60(b)(6) motion to vacate. While we review the grant or denial of motions to vacate brought under Rule 60(b)(4) *de novo*, we employ a more deferential standard of review to motions brought pursuant to Rule 60(b)(6). *See Allen*, 945 A.2d at 293 (explaining that "[a] Rule 60(b) motion to vacate is addressed to the trial justice's sound judicial discretion and will not be disturbed on appeal, absent a showing of abuse of discretion" (quoting *Keystone Elevator Co.*, 850 A.2d at 916)).

Rule 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * [including for] (6) [a]ny other reason justifying relief from the operation of the judgment." However, a Rule 60(b)(6) motion to vacate "shall be made within a reasonable time * * *." Super. R. Civ. P. 60(b); *see also In re Quigley*, 21 A.3d at 401-02.[12]

First, McLaughlin contends that the Superior Court lacked the authority to entertain the zoning board's request that he be ordered to remove his garage. In response, the zoning board

points to the language of § 45-24-62. On this point, we are in agreement with the zoning board. As explained above, pursuant to § 45-24-62(3), the Superior Court possessed the jurisdiction to order the removal of McLaughlin's garage.

Second, McLaughlin posits that there was no competent evidence in the record establishing that his garage was in violation of the Tiverton Zoning Ordinance. Without that evidence, he argues, the zoning board had no grounds for obtaining the April 7, 2014 order. But, the zoning board maintains, that is not so. It cites McLaughlin's own testimony before the zoning board from September 2011, when McLaughlin and the zoning board's chairwoman engaged in the following exchange:

> "MADAM CHAIRWOMAN: Mr. McLaughlin, when you submitted your site plan, you represented to the building inspector that the building met the setback requirements under the Tiverton Zoning Ordinances?
>
> "[MCLAUGHLIN]: Yes, ma'am.
>
> "MADAM CHAIRWOMAN: And after you had a survey, you realized that was inaccurate?
>
> "[MCLAUGHLIN]: Yes, ma'am."

The zoning board cites that admission and the very fact that McLaughlin found it necessary to seek a zoning variance as proof that McLaughlin's garage was in violation of the Tiverton Zoning Ordinance's setback requirements.[13]

However, for purposes of determining whether the trial justice erred in denying McLaughlin's motion to vacate under Rule 60(b)(6), our analysis has less to do with the

---

[12] On appeal, the zoning board has not argued that McLaughlin's 2016 motion to vacate was not filed within a "reasonable time" pursuant to Rule 60(b).

[13] As a third basis for vacating the April 7, 2014 order, McLaughlin also avers that the zoning board engaged in misleading, or even sanctionable, conduct in obtaining that order. However, on the record before us, we see no merit to that argument.

evidence of McLaughlin's compliance (or lack thereof) with the setback requirements of the Tiverton Zoning Ordinance than it does with the process by which the zoning board obtained the April 7, 2014 order.

As the zoning board sees it, the reasons McLaughlin advances for vacating the April 7, 2014 order under Rule 60(b)(6) are repetitive and a mere restatement of the reasons he set forth in arguing that the order was void under Rule 60(b)(4). But in McLaughlin's view, those arguments are precisely why the trial justice should have granted his motion to vacate. He contends that, because the zoning board failed to comply with § 45-24-62(3), the April 7, 2014 order should be vacated. According to McLaughlin, for the Town of Tiverton to have properly obtained an order requiring him to remove the garage, it should have filed a separate action in the Superior Court, not a motion for an order to comply filed by the zoning board in a zoning appeal.

It is perhaps an understatement to say that Rule 60(b)(6) rarely is invoked with success. Indeed, there is a dearth of cases in the jurisprudence of this Court in which we have found grounds justifying vacation under that rule. As this Court has explained, "Rule 60(b)(6) was 'not intended to constitute a catchall and * * * circumstances must be extraordinary to justify relief.'" *Allen*, 945 A.2d at 297 (quoting *Bailey v. Algonquin Gas Transmission Co.*, 788 A.2d 478, 483 (R.I. 2002)). Although "[t]he language of [Rule] 60(b)(6) * * * does vest the Superior Court with broad power to vacate judgments[,]" it is reserved for unique or extraordinary circumstances. *Bendix Corp. v. Norberg*, 122 R.I. 155, 158, 404 A.2d 505, 506 (1979). "A Rule 60(b)(6) motion can be granted only for some 'other reason justifying relief' than the reasons specified in Rule 60(b)(1) through (5) and 'only in unique circumstances to prevent manifest injustice.'" *Bailey*, 788 A.2d at 482 (quoting *Vitale v. Elliott*, 120 R.I. 328, 332, 387 A.2d 1379, 1382 (1978)). Therefore, to put it another way, Rule 60(b)(6)'s "other reason clause should not

be applied unless there has been a showing by appropriate evidence of circumstances that would establish a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules." *Bendix Corp.*, 122 R.I. at 158, 404 A.2d at 506 (quoting *Greco v. Safeco Insurance Co. of America*, 107 R.I. 195, 198, 266 A.2d 50, 52 (1970)).

In our opinion, this case presents one of those rare occasions when unique circumstances do exist to justify relief under Rule 60(b)(6). The following facts, all of which are intertwined with one another, are particularly relevant to our conclusion on this point. First, and of particular significance, the removal action was not properly brought under § 45-24-62. As discussed above, § 45-24-62 vests the Superior Court with the power to assist cities and towns, such as the Town of Tiverton, in the enforcement of their zoning ordinances. To invoke that judicial aid, however, § 45-24-62 provides that there must be "due proceedings in the name of the city or town, instituted by its city or town solicitor * * *." Although we have yet to squarely address whether the language of § 45-24-62 contemplates the bringing of a separate action, we embrace such a holding now. In a case remarkably similar to McLaughlin's, this Court, in discussing § 45-24-62's predecessor statute (G.L. 1956 § 45-24-7 (1970 Reenactment)), noted that the parties in that case had "conceded that enforcement of [the order mandating removal of the offending structure] would require *a separate judicial proceeding*." *Zeilstra v. Barrington Zoning Board of Review*, 417 A.2d 303, 309 (R.I. 1980) (emphasis added). We agree with what those parties long ago conceded: Section 45-24-62 requires a separate judicial proceeding. Thus we are of the firm opinion that the zoning board's "Motion for Order to Comply" was not a "due proceeding" as required by the plain language of § 45-24-62. A motion to comply, filed by the zoning board, not the town, at the conclusion of a zoning appeal, simply does not pass muster.

This leads us to the next significant fact driving our conclusion: the procedural posture of the case. This case involved an appeal of a denied variance; it was not an action instituted by the Town of Tiverton. In fact, the zoning board was a defendant in this case. In March 2014, when the zoning board moved for an order to comply, the zoning board remained a defendant, and the case remained postured as a zoning appeal. The solicitor did not file a separate complaint on behalf of the town setting forth McLaughlin's alleged noncompliance with the Tiverton Zoning Ordinance. Therefore, at no point did McLaughlin's zoning appeal transform into a "due proceeding[] in the name of [the Town of Tiverton], instituted by its * * * town solicitor * * *."

Furthermore, at the time the zoning board filed its motion, final judgment had entered. In other words, the controversy before the Superior Court—revolving around whether there were grounds justifying reversal of the zoning board's denial of McLaughlin's variance request under § 45-24-69(d)—had been resolved to a finality. The zoning board had prevailed, and this Court had dismissed McLaughlin's appeal as procedurally improper. The zoning board's filing of the "Motion for Order to Comply" was an effort to transform the case from a closed-out zoning appeal to a request for permanent injunctive relief—relief to which the zoning board is not entitled. *See Zeilstra*, 417 A.2d at 309. Although those facts do not, in our view, render the April 7, 2014 order void under Rule 60(b)(4), we are nonetheless of the opinion that it should have been vacated under Rule 60(b)(6).

The unique and narrow facts of this case motivate this Court to conclude that enforcing that order would constitute a manifest injustice. The interest of finality alone does not defeat the clear language of § 45-24-62. Had the Town of Tiverton filed an action in the Superior Court alleging that McLaughlin's garage was out of compliance with the Tiverton Zoning Ordinance's setback requirements, it may well have prevailed given the evidence in the record before us. But

the town did not do that. Process is important, and even though McLaughlin received notice and an opportunity to be heard, the town's failure to comply with § 45-24-62 in obtaining permanent injunctive relief on April 7, 2014, is fatal. To uphold that order would permit, not prevent, manifest injustice. *See Bailey*, 788 A.2d at 482.

In other words, the confluence of the extraordinary facts in this case "establish[es] a uniqueness that puts the case outside of the normal and usual circumstances accompanying failures to comply with the rules." *See Bendix Corp.*, 122 R.I. at 158, 404 A.2d at 506 (quoting *Greco*, 107 R.I. at 198, 266 A.2d at 52). Under these narrow facts, there are reasons "justifying relief from the operation of the judgment." Super. R. Civ. P. 60(b)(6). Accordingly, we hold that McLaughlin's motion to vacate should have been granted.[14]

### III

### Conclusion

For the reasons set forth above, we reverse the Superior Court order denying McLaughlin's motion to vacate the April 7, 2014 order. The papers in this case shall be remanded to the Superior Court.

**Chief Justice Suttell, with whom Justice Goldberg joins, dissenting.** The majority invokes Rule 60(b)(6) of the Superior Court Rules of Civil Procedure, which it admits "is reserved for unique or extraordinary circumstances[,]" to prevent manifest injustice. In doing so, I fear it has created a potential injustice to the Town of Tiverton and its taxpayers by exposing the town to possible liability for the removal of Mr. McLaughlin's garage. As I do not believe that relief to plaintiff under Rule 60(b)(6) is warranted, I respectfully dissent.

---

[14] By the time McLaughlin filed his 2016 motion to vacate in Superior Court, the garage already had been removed.

I fully agree with my colleagues that the April 7, 2014 order granting the zoning board's motion to move or remove the garage and imposing a fine for failure to do so was not void. As the majority notes, "the Superior Court possessed the subject matter jurisdiction to order McLaughlin to remove the garage[,]" even if it improperly exercised such jurisdiction. Therefore, because the Superior Court had jurisdiction, it became incumbent upon McLaughlin to articulate an objection to further proceedings, either because the removal action was not properly brought by the town under G.L. 1956 § 45-24-62 or because the pending case, a zoning appeal, had been resolved by a final judgment and therefore should have been closed. However, McLaughlin did not object to the proceedings until over two years later, by which time the garage had already been removed by the town.

In my judgment, McLaughlin's objections to the proceedings were not timely, based on the facts and circumstances of this case. *See* Rule 60(b) (providing that a motion seeking relief from a judgment or order "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one (1) year after the judgment, order, or proceeding was entered or taken").[1]

---

[1] Rule 60(b) of the Rhode Island Rules of Civil Procedure provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
"(1) Mistake, inadvertence, surprise, or excusable neglect;

"(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

"(3) Fraud, misrepresentation, or other misconduct of an adverse party;

"(4) The judgment is void;

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which the judgment is based has been

By the time McLaughlin raised his objections to the April 7, 2014 order, he had seemingly acquiesced in the garage's removal.

Rather than objecting, McLaughlin participated in the proceedings for an additional two years. The day after the April 7, 2014 order entered, he filed a motion to "reconsider." At the hearing on the motion, McLaughlin did not argue that the zoning board lacked authority to seek removal of the garage. Instead, he explained that his primary concern was that he needed more time to comply with the April 7, 2014 order. By an order dated May 20, 2014, he was ultimately afforded an additional ninety days from May 9, 2014. By another order, dated August 5, 2015, McLaughlin was found in contempt of the May 20, 2014 order; then, he was given another ninety days from November 9, 2015, to remove the garage. He failed to do so; and, on March 28, 2016, the town removed the garage pursuant to the court order issued by a trial justice exercising the jurisdiction of the Superior Court. In my judgment, McLaughlin has forfeited any opportunity to seek redress for the removal of the garage based on procedural flaws.

The majority, however, has, in effect, vacated the original order of April 7, 2014, and it has thereby cast a shadow over the propriety of the town's action in removing the garage. This not only may frustrate the town's ability to seek reimbursement for the costs of the removal, but it exposes the town to potential liability for the removal itself. This, I believe, is a result not warranted under the circumstances of this case.

I recognize the procedural anomalies in these proceedings, and in the interest of justice, I might be willing to employ the supervisory powers of this Court to absolve McLaughlin of the

---

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

"(6) Any other reason justifying relief from the operation of the judgment."

fines imposed against him. *Bates-Bridgmon v. Heong's Market, Inc.*, 152 A.3d 1137, 1145 (R.I. 2017) ("[I]t is well-established that this Court under its general supervisory powers can exercise its inherent power to fashion an appropriate remedy to serve the ends of justice.") (quoting *Clarke v. Morsilli*, 723 A.2d 785, 786 (R.I. 1998) (mem.)).  But the garage is gone, and the taxpayers of Tiverton should not be on the hook.  Accordingly, I dissent.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | William C. McLaughlin v. Zoning Board of Review of the Town of Tiverton et al. |
| **Case Number** | No. 2017-156-Appeal. (NC 11-535) |
| **Date Opinion Filed** | June 20, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Walter R. Stone |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Danial Calabro, Jr., Esq. <br><br> For Defendants: <br><br> Peter F. Skwirz, Esq. <br> Anthony DeSisto, Esq. |